Arcelia **HERNANDEZ–RAMIREZ,**
Petitioner,

v.

Alberto **GONZALES,** Attorney
General, Respondent.

No. 03–72124.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 14, 2005.

Karla Kraus, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq.,

David E. Dauenheimer, Gov, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Arcelia Hernandez–Ramirez ("Petitioner"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which summarily affirmed an Immigration Judge's ("IJ's") decision finding her inadmissible for alien smuggling. Reviewing for substantial evidence, see Nakamoto v. Ashcroft, 363 F.3d 874, 882 (9th Cir.2004), we deny the petition for review. Because the BIA issued its affirmance without written opinion, we review the underlying decision of the IJ. See 8 C.F.R. § 1003.1(a)(7) (2003); Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(E)(i), which states: "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible." Evidence before the IJ indicated that Petitioner (who has been validly paroled into the United States since 1997) knew of her cousin's undocumented status before driving the cousin from Tijuana to the United

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States border. Additional evidence indicated that Petitioner drove her cousin to the border knowing she would lie about her citizenship in an attempt to reenter the United States. Further testimony indicated that, during secondary inspection, Petitioner lied to immigration officials on her cousin's behalf, telling them that her cousin had left her green card at home in California. Accordingly, we deny the Petition for Review.

Petitioner's claim that "The IJ erred in finding Petitioner knowingly smuggled two aliens into the United States" is without merit. The crux of this claim is that, because the Notice to Appear served upon Petitioner stated, "On or about April 02, 2000, you knowingly encouraged, induced, assisted, abetted, or aided *an* undocumented alien to attempt entry into the United States *in violation of the law*" (emphasis added), the IJ was precluded from finding that Petitioner actually aided *two* undocumented aliens in their attempt to enter the country. Petitioner offers no authority in support of her novel argument and we find it unpersuasive.

Finally, Petitioner's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche,* 350 F.3d at 852.

**PETITION DENIED.**